UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

NORTHERN DIVISION


FILED
DEC 3 0 2013

```
******************************************************************
                              *
UNITED STATES OF AMERICA,     *     CIV 12-1020
                              *
            Plaintiff,        *
                              *     ORDER
    -vs-                      *
                              *
HOWARD JOHN "JACK" ALEFF,     *
REENA L. SLOMINSKI, and L&J WOOL & *
FUR, INC.,                    *
                              *
            Defendants.       *
                              *
******************************************************************
```

    Howard John "Jack" Aleff and Reena L. Slominski pleaded guilty in a criminal case (CR 11-10036) to "Conspiracy to Defraud the Government with Respect to Claims", in violation of 18 U.S.C. § 286. I entered a judgment in the criminal case on September 13, 2012. The defendants were held jointly and severally liable and were ordered to make restitution in the amount of $303,890. Both defendants admitted that on or between April 9, 2004, and August 26, 2010, Aleff and Slominski conspired to defraud the Commodity Credit Corporation (CCC), a department and agency of the United States. The conspiracy entered into by the defendants involved the production and submission of false applications for loan deficiency payments (LDPs) to the CCC. Combined, Aleff and Slominski prepared and presented 132 requests for payment to CCC, false claims for LDPs on sheep that were never owned and received $303,890 as a result of these false claims.

    The United States now brings this civil action to recover treble damages and civil penalties pursuant to the False Claims Act, FCA 31 U.S.C. §§ 3729-3733. Damages are also sought for common law fraud. Equitable theories of unjust enrichment and payments by mistake are alleged for the false and fraudulent claims Aleff and Slominski presented or caused to be submitted to the CCC.

    The United States filed a motion for summary judgment based upon a preclusive effect of the plea agreement and guilty pleas in the prior criminal case. During a telephonic pretrial

hearing, the United States orally moved to dismiss defendant Roy Torres. That motion was orally granted on December 20, 2013.

Summary judgment is appropriate when there is "no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The central inquiry is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." Anderson v. Liberty Lobby Inc., 477 U.S. 242, 251-252 (1986). Rule 56(c) mandates summary judgment against a party who fails to establish the existence of an element essential to the party's case and on which that party bears the burden of proof at trial. Celotex Corp. v. Catrett, 477 U.S. 317, 322-323 (1986). The moving party bears the initial burden of showing the absence of a genuine issue of material fact. Id. at 323. Once the moving party meets this burden, the non-movant must come forward with specific facts showing that there is a genuine issue for trial. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). In evaluating a motion for summary judgment, the evidence must be viewed in the light most favorable to the non-moving party. Adickes v. S.H. Kress and Co., 398 U.S. 144, 157 (1970).

The United States Court of Appeals for the Eighth Circuit has cautioned that summary judgment should be invoked carefully so that no person will be improperly deprived of a trial of disputed factual issues. Inland Oil & Transport Co. v. United States, 600 F.2d 725 (8th Cir. 1979), cert denied, 444 U.S. 991 (1979).

The False Claims Act imposes liability on a person who "knowingly presents, or causes to be presented, a false or fraudulent claim for payment or approval." 31 U.S.C. § 3729(a)(1). The Act also provides that a final judgment in a criminal proceeding "shall estop the defendant from denying the essential elements of the offense in any action which involves the same transaction as the criminal proceeding." 31 U.S.C. § 3731(e). Thus, a conviction in any criminal proceeding charging fraud or false statement upon a plea of guilty has the legal effect of estopping a defendant from denying the essential elements of fraud in any subsequent FCA action.

In the criminal proceeding during sentencing, I found that Ms. Slominski had "diminished capacity" at the time the crimes were committed and her sentencing reflected this. Ms. Slominski contends that her "diminished capacity" creates an issue of material fact that precludes summary judgment. She also contends that the doctrine of collateral estoppel should not apply as issues of fraud were not actually litigated because she pleaded guilty. Slominski had a full opportunity to

2

litigate the relevant issues in the criminal action, including knowledge and intent elements of the offense, and to raise a diminished capacity defense. Instead she pleaded guilty and only presented evidence of diminished capacity at sentencing. By pleading guilty, she waived that defense. "It is well established in this Circuit that a defendant who pleads guilty waives all nonjurisdictional defenses." United States v. Stewart, 972 F.2d 216, 217 (8th Cir. 1992). She made no claim of insanity and I found that she was mentally competent to proceed. Her guilty plea was accepted based on such finding.

The facts establishing the conspiracy to which Aleff and Slominski pleaded guilty are not in dispute and their guilty pleas embrace all the elements essential to the FCA case. Defendants were represented by two lawyers and executed factual basis statements. They testified twice under oath that all statements in the factual basis statements were true and correct. The pleas of guilty were an admission, a judicial confession, that they conspired to prepare false documents with the conscious objective to submit the false documents for payment. These actions were not the result of mistake or other non-culpable conduct. Ms. Slominski had previously assisted her father in the wool business. He taught her how to defraud the government and she engaged in extensive acts of fraudulent conduct before and after her father's death. Accordingly, both of the individual defendants are statutorily estopped from denying that they conspired to knowingly submit false claims to defraud the government.

Additionally, according to 31 U.S.C.S. § 3729 (b)(1)(B) the FCA does not require specific intent to defraud under its definition of "knowingly." "Since the False Claims Act is civil in nature, the definition of "knowing" should be the definition as applied in the civil action of misrepresentation." U.S. v. Cooperative Supply & Grain Co., 476 F.2d 47, 60. In FCA litigation, "extreme carelessness" can amount to knowing. Conduct regarded as "extremely careless and foolish" may be understood to constitute fraud. "The intent to deceive of a fraudulent misrepresentation may include a reckless disregard for the truth or falsity of a belief." Id. at 60, *quoting* Cooper v. Schlesinger, 111 U.S. 148, 155; 28 L. Ed 382; 4 S. Ct. 360 (1883). There is an old Eighth Circuit case stating that states that the False Claims Act, a civil statute on its face, is actually criminal in nature. United States v. Shapleigh, 54 F. 126 (8th Cir. 1893). However, the Supreme Court has routinely held that the FCA is remedial, not penal, in nature. Cooperative Supply 476 F. 2d at 60. Therefore, "'knowing' under the False Claims Act is

3

'knowing' in a civil sense and not the guilty knowledge of the criminal mens rea." <u>Cooperative Supply</u> 476 F. 2d at 60.

There is no dispute as to the facts establishing the conspiracy to which the individual defendants entered pleas of guilty. These are the same facts in this civil FCA proceeding. There is no reason not to award summary judgment to the plaintiff. There are no genuine issues as to any material facts.

The plaintiff has set forth that an entity known as L & J Wool & Fur (named as a defendant) was either an entity for which a fictitious name certificate should have been on file as required by SDCL 37-11-1 since Ms. Slominski was doing business under such name. No certificate was ever filed. The plaintiff has also set forth that the individual defendants incorporated L & J Wool, Inc. on March 25, 2013. Such facts are undisputed. I do not know what assets may have been transferred to the corporation. I do not know why such corporation was formed. It is, however, appropriate to enter summary judgment against such corporation as well. If defendants have any reasonable objections or explanations as to why the corporation with the same name as the business entity by which at least Ms. Slominski engaged in the wool business for many years, they can file a motion for appropriate relief from final judgment.

Now, therefore,

IT IS ORDERED that the motion for a summary judgment (Doc. 22) is granted against Howard John "Jack" Aleff, Reena L. Slominski, and L & J Wool & Fur, Inc., jointly and severally, in favor of the plaintiff. Plaintiff shall submit a proposed judgment form taxing costs in favor of the plaintiff and ordering the monetary relief, including prejudgment interest.

Dated this 30th day of December, 2013.

BY THE COURT:

*[signature]*
CHARLES B. KORNMANN
United States District Judge

ATTEST:
JOSEPH HAAS, CLERK
BY: *[signature]*
DEPUTY
(SEAL)